# Supreme Court of Florida

_____

No. SC13-1914
_____

**IN RE: STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES—
REPORT NO. 2013-06.**

[August 28, 2014]

PER CURIAM.

The Supreme Court Committee on Standard Jury Instructions in Criminal

Cases (Committee) has submitted proposed changes to the standard jury

instructions and asks that the Court authorize the amended standard instructions for

publication and use. We have jurisdiction. See art. V, § 2(a), Fla. Const.

Following publication of its proposals in The Florida Bar News, the

Committee filed its report with the Court. The Committee proposes amending the

following jury instructions: 6.1 (Introduction to Attempted Homicide); 11.14,

11.14(a)-(g) (Failure by a Sexual Offender to Comply with Registration

Requirements); 11.15, 11.15(a) (Failure to Register as a Sexual Predator);

11.15(b)-(k) (Failure by a Sexual Predator to Comply with Registration

Requirements); and 22.15 ([Manufacturing] [Owning] [Storing] [Keeping]

[Possession of] [Permitting the Operation of] [Selling] [Leasing] [Transporting] a Slot Machine). In addition, the Committee proposes the following new jury instructions: 10.20 ([Care] [Custody] [Possession] [Control] of [A Firearm] [Ammunition] While a Final Injunction for [Domestic Violence] [Stalking] [Cyberstalking] is in Effect); 10.21 (Improper Exhibition of a [Weapon] [Firearm] [At a School-Sponsored Event] [On School Property] [On a School Bus] [At a School Bus Stop] [Within 1,000 Feet of a School]); 11.19 (Sexual Misconduct Between Detention Facility Employees and Inmates); and 20.20 (Mortgage Fraud). One comment was received by the Committee with respect to the Failure to Register instructions, and three comments were received with respect to the Slot Machine proposal. Upon review of the comments, the Committee made minor changes to the Slot Machine proposal that did not warrant republication. The Court did not publish the proposals after they were filed.

Having considered the Committee's report and the comments submitted to the Committee, we amend the standard jury instructions as proposed by the Committee except as noted otherwise, and authorize the amended jury instructions for publication and use.

New standard jury instruction 11.19 (Sexual Misconduct Between Detention Facility Employees and Inmates) is authorized as proposed except that the citations for the definitions of "County detention facility," "County residential probation

center," and "Municipal detention facility," are revised to reference the correct statutes. In addition, the definition of "Municipal detention facility" is revised to include in pertinent part, "a violation of municipal laws or ordinances."

The new and amended instructions, as set forth in the appendix to this opinion, are hereby authorized for publication and use.[1] New language is indicated by underlining, and deleted language is indicated by struck-through type. In authorizing the publication and use of these instructions, we express no opinion on their correctness and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the instructions. We further caution all interested parties that any comments associated with the instructions reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. The instructions as set forth in the appendix shall be effective when this opinion becomes final.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

---

1. The amendments as reflected in the appendix are to the Criminal Jury Instructions as they appear on the Court's website at www.floridasupremecourt.org /jury_instructions/instructions.shtml. We recognize that there may be minor discrepancies between the instructions as they appear on the website and the published versions of the instructions. Any discrepancies as to instructions authorized for publication and use after October 25, 2007, should be resolved by reference to the published opinion of this Court authorizing the instruction.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Supreme Court Committee on Standard Jury Instructions in Criminal Cases

Judge Jerri Lynn Collins, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Sanford, Florida, and Judge Joseph Anthony Bulone, Past Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, Clearwater, Florida, and Bart Schneider, Senior Attorney, Office of the States Court Administrator, Tallahassee, Florida,

     for Petitioner

## 6.1 INTRODUCTION TO ATTEMPTED HOMICIDE

*Read in all attempted murder and attempted manslaughter by act cases.*
**In this case** (defendant) **is accused of** (crime charged)**.**

*Give degrees as applicable.*
**Attempted murder in the first degree includes the lesser crimes of attempted murder in the second degree, ~~attempted murder in the third degree,~~ and attempted ~~voluntary~~ manslaughter by act, all of which are forms of attempted homicide and all of which are unlawful.**

**An attempted ~~killing~~ homicide that is excusable or was committed by the use of justifiable deadly force is lawful.**

**If you find that there was an attempted ~~killing~~ homicide of** (victim) **by** (defendant)**, you will then consider the circumstances surrounding the attempted ~~killing~~ homicide in deciding ~~if~~ whether it was attempted first degree murder, or attempted second degree murder, or ~~attempted third degree murder, or~~ attempted ~~voluntary~~ manslaughter by act, or whether the attempted ~~killing~~ homicide was excusable or resulted from justifiable use of deadly force.**

### JUSTIFIABLE ATTEMPTED HOMICIDE

**~~The~~ An attempted ~~killing~~ homicide ~~of a human being~~ is justifiable and lawful if necessarily done while resisting an attempt to murder or commit a felony upon the defendant, or to commit a felony in any dwelling house in which the defendant was at the time of the attempted ~~killing~~ homicide.**

### EXCUSABLE ATTEMPTED HOMICIDE

**~~The~~ An attempted ~~killing~~ homicide ~~of a human being~~ is excusable and therefore lawful under any one of the three following circumstances:**

1. **When the attempted ~~killing~~ homicide is committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution and without any unlawful intent, or**

2.    When the attempted ~~killing~~ homicide occurs by accident and misfortune in the heat of passion, upon any sudden and sufficient provocation, or

3.    When the attempted ~~killing~~ homicide is committed by accident and misfortune resulting from a sudden combat, if a dangerous weapon is not used and the attempted killing is not done in a cruel and unusual manner.

*Definition*
**"Dangerous weapon" is any weapon that, taking into account the manner in which it is used, is likely to produce death or great bodily harm.**

**I now instruct you on the circumstances that must be proved before defendant may be found guilty of [attempted <u>first degree</u> murder] [or] [attempted second degree murder] [or] attempted manslaughter by act** ~~or any lesser included crime~~**.**

## Comment

This instruction was adopted in 1994 <u>and amended in 2014</u>.

<u>**10.20 [CARE] [CUSTODY] [POSSESSION] [CONTROL] OF [A FIREARM] [AMMUNITION] WHILE A FINAL INJUNCTION FOR [DOMESTIC VIOLENCE] [STALKING] [CYBERSTALKING] IS IN EFFECT**</u>
<u>§ 790.233(1), Fla. Stat.</u>

<u>**To prove the crime of**</u> (crime charged)**, <u>the State must prove the following three elements beyond a reasonable doubt</u>:**

1.    <u>**A judge issued a final injunction for protection against [domestic violence] [stalking] [cyberstalking] against**</u> (defendant)**.**

2.    <u>**The final injunction had been served upon**</u> (defendant) <u>**or**</u> (defendant) <u>**had acknowledged receipt.**</u>

3.    <u>**While the final injunction was in force and effect,**</u> (defendant) <u>**had [ammunition] [a firearm] in [his] [her] care, custody, possession, or control.**</u>

- 6 -

*Definitions. Give as applicable.*
*Fla. Stat. § 790.001(6).*
**"Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive;  the frame or receiver of any such weapon, any firearm muffler or firearm silencer; any destructive device; any machine gun.  [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime**.] *See Fla. Stat. § 790.001(1) for the definition of antique firearm.*

*Fla. Stat. § 790.001(4)*
**"Destructive device" means any bomb, grenade, mine, rocket, missile, pipebomb, or similar device containing an explosive, incendiary, or poison gas and includes any frangible container filled with an explosive, incendiary, explosive gas, or expanding gas, which is designed or so constructed as to explode by such filler and is capable of causing bodily harm or property damage; any combination of parts either designed or intended for use in converting any device into a destructive device and from which a destructive device may be readily assembled; any device declared a destructive device by the Bureau of Alcohol, Tobacco, and Firearms; any type of weapon which will, is designed to, or may readily be converted to expel a projectile by the action of any explosive and which has a barrel with a bore of one-half inch or more in diameter; and ammunition for such destructive devices, but not including shotgun shells or any other ammunition designed for use in a firearm other than a destructive device.**

**"Destructive device" does not include:**
    **a.  A device which is not designed, redesigned, used, or intended for use as a weapon;**

    **b.  Any device, although originally designed as a weapon, which is redesigned so that it may be used solely as a signaling, line-throwing, safety, or similar device;**

    **c.  Any shotgun other than a short-barreled shotgun; or**

    **d.  Any nonautomatic rifle (other than a short-barreled rifle) generally recognized or particularly suitable for use for the hunting of big game.**

*Fla. Stat. § 790.001(19)*
**"Ammunition" means an object consisting of all of the following:**

    **a. A fixed metallic or nonmetallic hull or casing containing a primer;**
    **b. One or more projectiles, one or more bullets, or shot;**
    **c. Gunpowder.**

**"Care" and "custody" mean immediate charge and control exercised by a person over the named item. The terms care, custody, and control may be used interchangeably.**

*Possession.*
**There are two ways to exercise control: actual possession and constructive possession.**

*Actual possession.*
**Actual possession means the person is aware of the presence of the object and**

    **a. the object is in the hand of or on the person, or**
    **b. the object is in a container in the hand of or on the person, or**
    **c. the object is so close as to be within ready reach and is under the control of the person.**

*Constructive possession.*
**Constructive possession means the person is aware of the presence of the object, the object is in a place over which the person has control, and the person has the ability to control the object.**

*Give if applicable.*
**Mere proximity to an object is not sufficient to establish control over that object when the object is in a place that the person does not control.**

*Give if applicable.*
**In order to establish constructive possession of an object that was in a place** (defendant) **did not control, the State must prove** (defendant) **(1) knew that the object was within [his] [her] presence and (2) exercised control or ownership over the object itself.**

*Joint possession.*
**Possession may be sole or joint, that is, two or more persons may be aware of the presence of an object and may jointly exercise control over it. In that case, each of those persons is considered to be in possession of that object.**

*Inferences.*
*Exclusive control. Henderson v. State, 88 So. 3d 1060 (Fla. 1ˢᵗ DCA 2012); Meme v. State, 72 So. 3d 254 (Fla. 4ᵗʰ DCA 2011).*
**If you find that** (defendant)**:**

**a.** **had direct physical custody of the [ammunition] [firearm], or**

**b.** **was within ready reach of the [ammunition] [ firearm] and the [ammunition] [firearm] was under [his] [her] control, or**

**c.** **had exclusive control of the place where the [ammunition] [firearm] was located, you may infer that [he] [she] was aware of the presence of the [ammunition] [ firearm] and had the ability to control [it] [them].**

**you may infer that [he] [she] was aware of the presence of the [ammunition] [ firearm] and had the ability to control [it] [them].**

**If** (defendant) **did not have exclusive control over the place where [ammunition] [a firearm] was located, you may not infer [he] [[she] had knowledge of the presence of the [ammunition] [firearm] or the ability to control [it] [them], in the absence of other incriminating evidence.**

*Give if applicable. Duncan v. State, 986 So. 2d 653 (Fla. 4ᵗʰ DCA 2008).*
**However, you may infer that** (defendant) **knew of the presence of the [ammunition] [firearm] and had the ability to control [it] [them] if [he] [she] had joint control over the place where the [ammunition] [firearm]was located, and the [ammunition] [firearm]was located in a common area in plain view and in the presence of the defendant.**

| [CARE] [CUSTODY] [POSSESSION] [CONTROL] OF [A FIREARM] [AMMUNITION] WHILE A FINAL INJUNCTION FOR [DOMESTIC VIOLENCE] [STALKING] [CYBERSTALKING] IS IN EFFECT 790.233(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

**Comment**

This crime does not apply to a state or local officer as defined in Fla. Stat. 943.10(14), holding an active certification, who received or possessed a firearm or ammunition for use in performing official duties on behalf of the officer's employing agency, unless otherwise prohibited by the employing agency.

This instruction was adopted in 2014.

**10.21  IMPROPER EXHIBITION OF A [WEAPON] [FIREARM] [AT A SCHOOL-SPONSORED EVENT] [ON SCHOOL PROPERTY] [ON A SCHOOL BUS] [AT A SCHOOL BUS STOP] [WITHIN 1,000 FEET OF A SCHOOL]**
§ 790.115(1), Fla. Stat.

**To prove the crime of Improper Exhibition of a [Weapon] [Firearm] [Sword] [Sword Cane] [Electric Weapon or Device] [Destructive Device] [at] [on] [within] [**(insert prohibited place in Fla. Stat. 790.115(1))**], the State must prove the following four elements beyond a reasonable doubt.**

1. (Defendant) **had or carried a[n] [weapon] [firearm] [sword] [sword cane] [electric weapon or device] [destructive device].**

2. (Defendant) **exhibited the [weapon] [firearm] [sword] [sword cane] [electric weapon or device] [destructive device] in a rude, careless, angry, or threatening manner.**

3. (Defendant) **did so in the presence of one or more persons.**

4. **At the time,** (defendant) **was [at a school-sponsored event] [on the grounds [or facilities] of a [school] [school bus]] [school bus stop]]**

**[within 1,000 feet of the real property that compromises a [public or private elementary school] [middle school] [secondary school] during school hours [or during the time of a sanctioned school activity].**

*Self-defense.*
**If you find that the defendant exhibited the [weapon] [firearm] [sword] [sword cane] [electric weapon or device] [destructive device] in necessary self-defense, you must find the defendant not guilty.** *Read instructions 3.6(f) and/or 3.6(g) as applicable.*

*Definitions. Give as applicable.*
*§ 790.001(13) and § 790.115(1), Fla. Stats.*
**"Weapon" means any dirk, knife, metallic knuckles, slungshot, billie, tear gas gun, chemical weapon or device, razor blade, box cutter, common pocketknife, box cutter, or a deadly weapon, except a plastic knife or blunt-bladed table knife.**

*R.R. v. State, 826 So. 2d 465 (Fla. 5th DCA 2002); Cook v. Crosby, 914 So. 2d 490 (Fla. 1st DCA 2005).*
**A "deadly weapon" is any instrument which will likely cause death or great bodily harm when used in the ordinary and usual manner contemplated by its design and construction. An object can be a deadly weapon if its sole modern use is to cause great bodily harm. An object not designed for use as a weapon may nonetheless be a deadly weapon if its use, intended use, or threatened use by the defendant was in a manner likely to inflict death or great bodily harm.**

*§ 790.001(6), Fla. Stat.*
**"Firearm" means any weapon (including a starter gun) which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive; the frame or receiver of any such weapon, any firearm muffler or firearm silencer; any destructive device; any machine gun. [The term "firearm" does not include an antique firearm unless the antique firearm is used in the commission of a crime.]** *The definition of "antique firearm is in Fla. Stat. § 790.001(1).*

*§ 790.001(14), Fla. Stat.*
**"Electric weapon or device" means any device which, through the application or use of electrical current, is designed, redesigned, used, or intended to be used for offensive or defensive purposes, the destruction of life, or the infliction of injury.**

*See § 790.001(4), Fla. Stat. for the definition of "destructive device."*

**Lesser Included Offenses**

| IMPROPER EXHIBITION OF A [WEAPON] [FIREARM] AT SCHOOL – 790.115(1) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| Improper Exhibition of a Weapon or Firearm (except if the weapon is a closed common pocketknife) | | 790.10 | 10.5 |
| | Attempt | 777.04(1) | 5.1 |
| | Assault | 784.011 | 8.1 |

**Comments**

The statute has an exception if the exhibition of the weapon or firearm was authorized and in support of school-sanctioned activities. See § 790.115(1), Fla. Stat.

This crime does not apply if the exhibition of the weapon or firearm was on private real property, within 1,000 feet of a school, by the owner of the property or by a person who had been authorized, licensed, or invited by the owner to be on the property. See § 790.115(1), Fla. Stat.

This crime does not apply if the defendant was a law enforcement officer as defined in § 943.10(1), (2), (3), (4), (6), (7), (8), (9), or (14), Fla. Stat. See § 790.115(3), Fla. Stat.

This instruction was adopted in 2014.


**11.14 FAILURE ~~TO REGISTER AS~~ BY A SEXUAL OFFENDER TO COMPLY WITH REGISTRATION REQUIREMENTS**
**(Initially Register, Report, or Provide Registration Items)**
§ 943.0435(2)(a)-(b), Fla. Stat.

**To prove the crime of Failure ~~to Register as~~ by a Sexual Offender to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*

1. (Defendant)

   a. **is a sexual offender.**

   b. **has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status an element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

2. (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a, 3b, 3c, or 3d as applicable.*

3. (Defendant)

   a. **knowingly failed to register in person at an office of the sheriff of** (name of county) **County within 48 hours after establishing permanent, temporary, or transient residence within this state.**

   b. **knowingly failed to report in person at an office of the sheriff of** (name of county) **County within 48 hours after being released from the [custody, control, or supervision of the Florida Department of Corrections] [custody of a private correctional facility].**

   c. **knowingly failed to register in person at an office of the sheriff of** (name of county) **County within 48 hours after having been convicted by a court in that county of an offense requiring registration.**

**d.** **knowingly failed to provide an office of the sheriff of** (name of county) **County with [his] [her] [**(name the single unprovided registration item charged, as worded in the statute)**]** **[any one or more of the following items: [his] [her]** (name the unprovided registration items charged, as worded in the statute)**.]**

*Read only if the defendant is charged with failing to provide a physical residential address.*
**The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physical residential address.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should**

- 14 -

**find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find** (defendant) **guilty, if all of the elements of the charge have been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.14(h) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2008 [983 So.2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090], ~~and~~2013 [113 So. 3d 754], and 2014.

## 11.14(a) FAILURE ~~TO REGISTER AS A SEXUAL OFFENDER~~ BY A SEXUAL OFFENDER TO COMPLY WITH REGISTRATION REQUIREMENTS
**(Failure to Comply with Registration of a Residence, Motor Vehicle, Trailer, Mobile Home, Manufactured Home, Vessel, or Houseboat)**
§ 943.0435(2)(b)1, Fla. Stat.

**To prove the crime of Failure** ~~to Register as a Sexual Offender~~ **by a Sexual Offender to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or1b as applicable.*
    **1.**  (Defendant)

        **a.**    **is a sexual offender.**

> **b.** **has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

**2.** (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a or 3b as applicable.*
**3.** (Defendant)

> **a.** **uses as [his] [her] place of residence a [motor vehicle] [trailer] [mobile home] [manufactured home];**
>
> **and**
>
> **knowingly failed to provide an office of the sheriff of** (name of county) **County with [the** (name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items:** (name the unprovided registration items charged, as worded in the statute)**] of the [motor vehicle] [trailer] [mobile home] [manufactured home] where [he] [she] resides.**
>
> **b.** **uses as [his] [her] place of residence a [vessel] [live-aboard vessel] [houseboat];**
>
> **and**
>
> **knowingly failed to provide an office of the sheriff of** (name of county) **County with [the** (name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items:** (name the unprovided registration items charged, as worded in the statute**] of the**

**[vessel] [live-aboard vessel] [houseboat] where [he] [she] resides.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find** (defendant) **guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt**

**on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.14(h) for the applicable definitions.*

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

### Comment

This instruction was adopted in 2008 [983 So.2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090] and 2014.

### 11.14(b) FAILURE ~~TO REGISTER AS A SEXUAL OFFENDER~~ BY A SEXUAL OFFENDER TO COMPLY WITH REGISTRATION REQUIREMENTS
### (Failure to Comply with Registration of Employment or
### Enrollment at an Institution of Higher Learning)
§ 943.0435(2)(b)2, Fla. Stat.

**To prove the crime of Failure by a Sexual Offender to Comply with Registration Requirements ~~as a Sexual Offender~~, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
**1.** (Defendant)

    **a.** **is a sexual offender.**

    **b.** **has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If*

*there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

**2.** (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a or 3b as applicable.*
**3.** (Defendant)

**a.** **[is] [was] enrolled, employed, or carrying on a vocation at an institution of higher education in this state, and**

**knowingly failed to provide an office of the sheriff of** (name of county) **County with [**(the name the single unprovided registration item charged, as worded in the statute)**] [any one or more the following items:** (name the unprovided registration items charged, as worded in the statute).**]**

**b.** **[is] [was] enrolled, employed, or carrying on a vocation at an institution of higher education in this state.**

**undertook a change in [his] [her] enrollment or employment status, and**

**knowingly failed to report this change in person at an office of the sheriff of** (name of county) **County within 48 hours after the change.**

*<u>Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).</u>*
**<u>It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that</u>** (defendant) **<u>attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.</u>**

*<u>There is no statute for the defense of being misinformed or otherwise prevented from complying with registration requirements, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law,</u>*

*defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*

 **If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*

**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.14(h) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2008 [983 So.2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090] and 2014.

**11.14(c) FAILURE ~~TO REGISTER AS~~ <u>BY</u> A SEXUAL OFFENDER <u>TO</u> COMPLY WITH REGISTRATION REQUIREMENTS.**
**(Failure to Report to Department of Highway Safety and Motor Vehicles)**
§ 943.0435(3), Fla. Stat.

**To prove the crime of Failure <u>by a Sexual Offender</u> to Comply with Registration Requirements ~~as a Sexual Offender~~, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
   **1.** (Defendant)

      **a.   is a sexual offender.**

      **b.   has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

    **2.** (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a or 3b as applicable.*
    **3.** (Defendant)

      **a.   having registered as a sexual offender with an office of the sheriff of** (name of county) **County,**

          **knowingly failed to report in person to a driver's license office of the Department of Highway Safety and Motor Vehicles within 48 hours after registering to present proof of this registration, and**

**knowingly failed to [secure a Florida driver's license] [renew [his] [her] Florida driver's license] [secure a Florida identification card].**

    b.    **reported in person to a driver's license office of the Department of Highway Safety and Motor Vehicles and [secured a Florida driver's license] [renewed [his] [her] Florida driver's license] [secured a Florida identification card], but in doing so,**

*Give one or both of the following as applicable to the charge.*

    i.    **failed to report to that office that [he] [she] was a sexual offender.**

    ii.    **failed to provide that office with** [(name the single unprovided registration item charged, as worded in the statute)] **[any one or more of the following items:** (name the unprovided registration items charged, as worded in the statute)**].**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the Department of Highway Safety and Motor Vehicles.**

*There is no statute for the defense of being misinformed or otherwise prevented from complying, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
 **If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the Department of Highway Safety and Motor Vehicles misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the Department of Highway Safety and Motor Vehicles misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
 **If you find that the State proved beyond a reasonable doubt that the Department of Highway Safety and Motor Vehicles did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the Department of Highway Safety and Motor Vehicles misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.14(h) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified.

## Comment

This instruction was adopted in 2008 [983 So.2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090] and 2014.

**11.14(d) FAILURE ~~TO REGISTER AS~~ <u>BY</u> A SEXUAL OFFENDER <u>TO</u> <u>COMPLY WITH REGISTRATION REQUIREMENTS</u>**
**(Failure to Report Change of Name or Address within the State or Jurisdiction)**
§ 943.0435(4), Fla. Stat.

**To prove the crime of Failure ~~to Register as~~ <u>by</u> a Sexual Offender <u>to</u> <u>Comply with Registration Requirements</u>, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
    **1.** (Defendant)

        **a.** **is a sexual offender.**
        **b.** **has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

    **2.** (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a or 3b, or 3c or 3d as applicable.*
    **3.** (Defendant)

        **a.** **knowingly failed to report in person to a driver's license office of the Department of Highway Safety and Motor Vehicles,**

        *Give i, ii, or iii as applicable.*
        **i.** **when [his] [her] [driver's license] [identification card] was subject to renewal.**

  **ii.** **within 48 hours after any change in [his] [her] permanent, temporary, or transient residence.**

  **iii.** **within 48 hours after any change in [his] [her] name by reason of [marriage] [**(specify other legal process)**].**

 **b.** **knowingly failed to report in person to an office of the sheriff of** (name of county) **County, within 48 hours of vacating [his] [her] permanent residence and failing to [establish] [maintain] another [permanent] [temporary] [transient] residence.**

 **c.** **knowingly failed to report in person to an office of the sheriff of** (name of county) **County that [he] [she] remained at [his] [her] permanent residence, within 48 hours after [he] [she] reported to the sheriff [his] [her] intent to vacate [his] [her] permanent residence.**

 **d.** **reported to**

  *Give i or ii as applicable.*
  **i.** **an office of the sheriff of** (name of county) **County**

  **ii.** **a driver's license office of the Department of Highway Safety and Motor Vehicles**

  **and**

  *Give iii or iv as applicable.*
  **iii.** **knowingly failed to provide that office with** (name the single unprovided registration item charged, as worded in the statute)**.**

  **iv.** **knowingly failed to provide that office with any one or more of the following items**: (name the unprovided registration items charged, as worded in the statute)**.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*

**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the [office of the sheriff] [Department of Highway Safety and Motor Vehicles].**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the [office of the sheriff] [Department of Highway Safety and Motor Vehicles] misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the[office of the sheriff] [Department of Highway Safety and Motor Vehicles] misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the [office of the sheriff] [Department of Highway Safety and Motor Vehicles] did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the [office of the sheriff] [Department of Highway Safety and Motor Vehicles] misinformed** (defendant) **or otherwise prevented [him] [her] from**

**complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.14(h) for the applicable definitions.*

### Lesser Included Offenses

No lesser included offenses have been identified.

### Comment

This instruction was adopted in 2008 [983 So.2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090] and 2014.

### 11.14(e) FAILURE ~~TO REGISTER AS~~ BY A SEXUAL OFFENDER TO COMPLY WITH REGISTRATION REQUIREMENTS
**(Failure to Report Change of Residence to Another State or Jurisdiction)**
§ 943.0435(7), Fla. Stat.

**To prove the crime of Failure ~~to Report Change of Address as~~ by a Sexual Offender to Comply with Registration Requirements, the State must prove the following [four] [five] elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
  **1.**  (Defendant)

      **a.**   **is a sexual offender.**

      **b.**   **has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant.  See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003).  If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

2. (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

3. (Defendant) **intended to leave this State to establish residence in another state or jurisdiction on** (date)**.**

*Give element 4 or 5, or both, as applicable.*
4. (Defendant) **knowingly failed to report in person to an office of the sheriff in the county of [his] [her] current residence within 48 hours before the date on which [he] [she] intended to leave this state to establish residence in another state or jurisdiction.**

5. (Defendant) **knowingly failed to provide the address, municipality, county, and state of [his] [her] intended address, when [he] [she] reported to the sheriff's office of the county of [his] [her] current residence [his] [her] intention to establish residence in another state or jurisdiction.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*

**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise**

**prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.14(h) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2008 [983 So.2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090] and 2014.

## 11.14(f) FAILURE ~~TO REGISTER AS~~ BY A SEXUAL OFFENDER TO COMPLY WITH REGISTRATION REQUIREMENTS
### (Failure to Report Intent to Remain within the State or Jurisdiction)
§ 943.0435(8), Fla. Stat.

**To prove the crime of Failure ~~to Register as~~ by a Sexual Offender to Comply with Registration Requirements, the State must prove the following five elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
   **1.** (Defendant)

a. **is a sexual offender.**

b. **has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

2. (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

3. (Defendant) **indicated to an office of the sheriff of** (name of county) **County [his] [her] intent to leave this state on** (date of intended departure) **and establish a permanent, temporary, or transient residence in another state or jurisdiction.**

4. (Defendant) **later decided to remain in this state.**

5. **Within 48 hours after the date of [his] [her] originally intended departure from this state,** (defendant) **knowingly failed to report to an office of the sheriff of** (name of county) **County that [he] [she] instead decided to remain in this state.**

<u>*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*</u>
      <u>**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**</u>

<u>*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of*</u>

- 30 -

*production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
 **If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.14(h) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2008 [983 So. 2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090] and 2014.

**11.14(g) FAILURE ~~TO REGISTER AS~~ BY A SEXUAL OFFENDER TO COMPLY WITH REGISTRATION REQUIREMENTS**
**(Failure to Report Twice a Year/Failure to Report Quarterly)**
§ 943.0435(14)(a) or (b), Fla. Stat.

*Give this statement if the charge is failure to report twice a year during the sexual offender's birthday month and six months later pursuant to § 943.0435(14)(a), or, for certain specified violators, failure to report during the sexual offender's birthday month and every third month thereafter pursuant to § 943.0435(14)(b).*

**To prove the crime of Failure ~~to Report [Twice a Year][Quarterly] as~~ by a Sexual Offender to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
  **1.** (Defendant)

  **a.    is a sexual offender.**

  **b.    has agreed or stipulated that [he] [she] has been convicted as a sexual offender; therefore, you should consider the sexual offender status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual offender" or "convicted."*

  **2.** (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a, 3b, 3c, 3d, or 3e as applicable.*
  **3.** (Defendant)

  **a.    knowingly failed to reregister by reporting in person during [his] [her] birthday month in** (year) **to an office of the sheriff**

in the county in which [he] [she] resides or is otherwise located.

b. **knowingly failed to reregister by reporting in person during the sixth month following [his] [her]** (year) **birthday month to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.**

c. **knowingly failed to reregister by reporting in person during every third month following [his] [her]** (year) **birthday month to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.**

d. **knowingly failed to respond to the address verification correspondence from the Florida Department of Law Enforcement within three weeks from the date of the correspondence.**

e. **reported to an office of the sheriff of** (name of county) **to reregister,**

   **and**

   *Give i or ii as applicable.*
   i. **knowingly failed to provide that office with** (name the single unprovided registration item charged, as worded in the statute)**.**

   ii. **knowingly failed to provide that office with any one or more of the following items**: (name the unprovided registration items charged, as worded in the statute)**.**

*Read only if the defendant is charged with failing to provide a physical residential address.*
**The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physical residential address.**

<u>*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*</u>

**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
 **If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the [office of the sheriff] [Florida Department of Law Enforcement] misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the [office of the sheriff] [Florida Department of Law Enforcement] misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the [office of the sheriff] [Florida Department of Law Enforcement] did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the [office of the sheriff] [Florida Department of Law Enforcement] misinformed** (defendant) **or otherwise prevented [him] [her] from complying, with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.14(h) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2008 [983 So. 2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090],~~and~~ 2013 [113 So. 3d 754], and 2014.

## 11.15 FAILURE TO REGISTER AS A SEXUAL PREDATOR
### (Initially Register – In Custody, Control or under the Supervision of the Department of Corrections)
§ 775.21(6)(b), Fla. Stat.

**To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
**1.**     (Defendant)

      **a.**     **is a sexual predator.**

      **b.**     **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant.  See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003).  If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."*

      **2.**     (Defendant) **is [in the custody or control of the Department of Corrections] [under the supervision of the Department of Corrections] [in the custody of a private correctional**

**facility][under the supervision of the Department of Corrections, but not incarcerated].**

3. (Defendant) **[knowingly failed to register with the Department of Corrections as a sexual predator][knowingly failed to register with the Department of Corrections within 3 days of having been classified as a sexual predator].**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure to Register as a Sexual Predator that** (defendant) **attempted to register as required by law but was misinformed or otherwise prevented from timely registering by the Department of Corrections.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the Department of Corrections misinformed [him] [her] or otherwise prevented [him] [her] from registering, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the Department of Corrections misinformed [him] [her] or otherwise prevented [him] [her] from registering, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*

**If you find that the State proved beyond a reasonable doubt that the Department of Corrections did not misinform** (defendant) **or did not otherwise prevent [him] [her] from registering, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the Department of Corrections misinformed** (defendant) **or otherwise prevented [him] [her] from registering, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.15(l) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2008 [983 So. 2d 531] and amended in 2014.

## 11.15(a) FAILURE TO REGISTER AS A SEXUAL PREDATOR
### (Initially Register – Not in Custody, Control or under Supervision of the Department of Corrections or a Private Correctional Facility)
§ 775.21(6)(e), Fla. Stat.

**To prove the crime of Failure to Register as a Sexual Predator, the State must prove the following four elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*

    **1.** (Defendant)

        a.    **is a sexual predator.**

        b.    **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant.  See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003).  If*

*there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."*

> **2.** (Defendant) **established or maintained a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

> **3.** (Defendant) **was not in the custody or control of or under the supervision of the Department of Corrections and was not in the custody of a private correctional facility.**

*Give ~~4a or 4b or~~ 4a and 4b, as appropriate.*

> **4(a).** (Defendant) **knowingly failed to register in person with an office of the sheriff in the county where [he] [she] [established] [maintained] residence within 48 hours after [he] [she] established permanent, temporary, or transient residence in this state.**

> **4(b).** (Defendant) **knowingly failed to register in person with an office of the sheriff in the county where [he] [she] was designated a sexual predator within 48 hours after having been so designated by the court.**

> <u>*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*</u>
> <u>**It is a defense to the crime of Failure to Register as a Sexual Predator that** (defendant) **attempted to register as required by law but was misinformed or otherwise prevented from timely registering by the office of the sheriff.**</u>

> <u>*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*</u>
> <u>*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*</u>

*If burden of persuasion is on the defendant:*
   **If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from registering, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from registering, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

   *Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
   **If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from registering, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from registering, you should find [him] [her] not guilty.**

   *Definitions. See instruction 11.15(l) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2008 [983 So.2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090] and 2014.

**11.15(b) FAILURE <s>TO REGISTER AS</s> BY A SEXUAL PREDATOR TO COMPLY WITH REGISTRATION REQUIREMENTS (Failure to <s>Comply with Registration Requirements</s>Provide Required Information)**
§ 775.21(6)(a)1, Fla. Stat.


**To prove the crime of Failure <s>to Register as</s> by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
   **1.** (Defendant)

     **a.** **is a sexual predator.**

     **b.** **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**


*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."*

   **2.** (Defendant) **established or maintained a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

   **3.** (Defendant) **knowingly failed to provide an office of the sheriff of** (name of county) **County with [his] [her] [**(name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items: [his] [her]** (name the unprovided registration items charged, as worded in the statute)**].**

*Read only if the defendant is charged with failing to provide a physical residential address.*
**The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physical residential address.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*

**It is a defense to the crime of Failure by a Sexual Predator to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.15(l) for the applicable definitions.*

**Lesser Included Offenses**

No lesser included offenses have been identified for this offense.

**Comment**

This instruction was adopted in 2008 [983 So. 2d 531] and ~~revised~~ amended in 2012 [85 So. 2d 1090], ~~and~~ 2013 [113 So. 3d 754], and 2014.

## 11.15(c) FAILURE ~~TO REGISTER AS~~ BY A SEXUAL PREDATOR TO COMPLY WITH REGISTRATION REQUIREMENTS
**(Failure to Comply with Registration of a Residence, Motor Vehicle, Trailer, Mobile Home, or Manufactured Home)**
§775.21(6)(a)1.a., Fla. Stat.

**To prove the crime of Failure ~~to Register as~~ by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
    **1.** (Defendant)

        **a.** **is a sexual predator.**

        **b.** **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."*

    **2.** (Defendant) **established or maintained a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

- 42 -

*Give 3a or 3b as applicable.*

    **3.** (Defendant)

        a.    **used as [his] [her] place of residence a [motor vehicle] [trailer] [mobile home] [manufactured home];**

            **and**

            **knowingly failed to provide [an office of the sheriff of** (name of county) **County] [the Florida Department of Law Enforcement] with [the** (name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items:** (name the unprovided registration items charged, as worded in the statute)**]of the [motor vehicle] [trailer] [mobile home] [manufactured home] where [he] [she] resides.**

        b.    **used as [his] [her] place of residence a [vessel] [live-aboard vessel] [houseboat];**

            **and**

            **knowingly failed to provide [an office of the sheriff of** (name of the county) **County] [the Florida Department of Law Enforcement] with [the** (name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items:** (name the unprovided registration items charged, as worded in the statute)**] of the [vessel] [live-aboard vessel] [houseboat] where [he] [she] resides.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*

    **It is a defense to the crime of Failure by a Sexual Predator to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.15(l) for the applicable definitions.*

**Lesser Included Offenses**

No lesser included offenses have been identified for this offense.

**Comment**

This instruction was adopted in 2008 [983 So.2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090], and 2014.

**11.15(d) FAILURE ~~TO REGISTER AS~~ BY A SEXUAL PREDATOR TO COMPLY WITH REGISTRATION REQUIREMENTS**
**(Failure to Comply with Registration of Enrollment or**
**Employment in Institutions of Higher Education)**
§ 775.21(6)(a)1.b., Fla. Stat.

**To prove the crime of Failure ~~to Register as~~ by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
   **1.** (Defendant)

   **a.   is a sexual predator.**

   **b.   has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant.  See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003).  If there is a stipulation, the Court should not give the definition of "sexual predator" or "convicted."*

   **2.** (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a, 3b, or 3c as applicable.*
   **3.** (Defendant)

   **a.   [is] [was] enrolled, employed, or carrying on a vocation at an institution of higher education in this state, and**

**knowingly failed to provide the office of the sheriff of** (name of county) **County with the [**(name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items:** (name the unprovided registration items charged, as worded in the statute)**].**

b.    [is] [was] **enrolled, employed, or carrying on a vocation at an institution of higher education in this state;**

**undertook a change in [his] [her] enrollment or employment status, and**

**knowingly failed to report this change in person at an office of the sheriff of** (name of county) **County within 48 hours after the change.**

c.    [is] [was] **in the custody of or under the supervision of the Department of Corrections;**

[is] [was] **enrolled, employed, or carrying on a vocation at an institution of higher education in this state; undertook a change in [his] [her] enrollment or employment status, and**

**knowingly failed to report this change to the Department of Corrections within 48 hours after the change.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Predator to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the [office of the sheriff] [Department of Corrections].**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of*

*production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the [office of the sheriff][Department of Corrections] misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the [office of the sheriff] [Department of Corrections] misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the [office of the sheriff] [Department of Corrections]did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.15(l) for the applicable definitions.*

**Lesser Included Offenses**

No lesser included offenses have been identified for this offense.

**Comment**

This instruction was adopted in 2008 [983 So.2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090], and 2014.

**11.15(e) FAILURE ~~TO REGISTER AS~~ BY A SEXUAL PREDATOR TO COMPLY WITH REGISTRATION REQUIREMENTS**
**(Failure to Report to Department of Highway Safety and Motor Vehicles)**
§ 775.21(6)(f), Fla. Stat.

**To prove the crime of ~~Failure~~ Failure ~~to Register as~~ by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
   **1.** (Defendant)

       **a.** **is a sexual predator.**

       **b.** **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant.  See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003).  If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."*

   **2.** **(Defendant) [established] [maintained] a [permanent] [temporary] [transient] residence in** (name of county) **County, Florida.**

*Give 3a or 3b as applicable.*
   **3.** (Defendant)

       **a.** **was not incarcerated;**

[he] [she] resided in the community and was [under the supervision] [not under the supervision] of the Department of Corrections;

[he] [she] registered as a sexual predator with an office of the sheriff of (name of county) County; and

knowingly failed to report in person at a driver's license office of the Department of Highway Safety and Motor Vehicles within 48 hours after registering to present proof of this registration.

b. reported in person to a driver's license office of the Department of Highway Safety and Motor Vehicles, and either
knowingly failed to [secure a Florida driver's license] [renew a Florida driver's license] [secure an identification card] or

secured a Florida driver's license] [renewed [his] [her] Florida driver's license] [secured a Florida identification card], but in doing so,

*Give one or both of the following as applicable to the charge.*

i. failed to report to that office that [he] [she] was a sexual predator.

ii. failed to provide that office with [(name the single unprovided registration item charged, as worded in the statute)] [any one or more of the following items: (name the unprovided registration items charged, as worded in the statute)].

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Predator to Comply with Registration Requirements that** (defendant) **attempted to comply withn the requirements but was misinformed or otherwise prevented from complying by the Department of Highway Safety and Motor Vehicles.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*

**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the Department of Highway Safety and Motor Vehicles misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the Department of Highway Safety and Motor Vehicles misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*

**If you find that the State proved beyond a reasonable doubt that the Department of Highway Safety and Motor Vehicles did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the Department of Highway Safety and Motor Vehicles misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.15(l) for the applicable definitions.*

**Lesser Included Offenses**

No lesser included offenses have been identified for this offense.

**Comment**

This instruction was adopted in 2008 [983 So. 2d 531] and ~~revised~~ <u>amended</u> in 2012 <u>[85 So. 3d 1090], and 2014</u>.

**11.15(f)  FAILURE ~~TO REGISTER AS~~ <u>BY</u> A SEXUAL PREDATOR <u>TO COMPLY WITH REGISTRATION REQUIREMENTS</u>**
**(Failure to Provide Other Necessary Information Requested by Department of Law Enforcement)**
§ 775.21(6)(a)2, Fla. Stat.

**To prove the crime of Failure ~~to Register as~~ <u>by</u> a Sexual Predator <u>to Comply with Registration Requirements</u>, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
    **1.** (Defendant)

      **a.**  **is a sexual predator.**

      **b.**  **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant.  See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003).  If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."*

    **2.** (Defendant) **established or maintained a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

    **3.** (Defendant) **knowingly failed to provide an office of the sheriff of** (name of county) **County with [his] [her]** [(name the single

unprovided registration item charged, as worded in the statute)**] [any one or more of the following items <u>determined necessary by the Florida Department of Law Enforcement:</u> [his] [her]** (name the unprovided registration items charged, as worded in the statute)**].**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Predator to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
 **If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements**, **you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements**, **you should**

**find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.15(l) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2008 [983 So. 2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090], and 2014.

### 11.15(g) FAILURE ~~TO REGISTER AS~~ BY A SEXUAL PREDATOR TO COMPLY WITH REGISTRATION REQUIREMENTS
**(Failure to Report Change of Name or Address within the State or Jurisdiction)**
§ 775.21(6)(g), Fla. Stat.

**To prove the crime of Failure ~~to Register as~~ by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**
*Give 1a or 1b as applicable.*
    **1.** (Defendant)

        a.    **is a sexual predator.**

        b.    **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant.  See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003).  If*

*there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."*

  **2.** (Defendant) [**established**] [**maintained**] a [**permanent**] [**temporary**] [**transient**] **residence in** (name of county) **County, Florida.**

*Give 3a, 3b, or 3c as applicable.*
  **3.** (Defendant)

  **a.** **knowingly failed to report in person to a driver's license office [when [his] [her] driver's license or identification card was subject to renewal] [within 48 hours after any change in [his] [her] permanent, temporary, or transient residence] [within 48 hours after any change in [his] [her] name by reason of [marriage] [**(specify other legal process)**]].**

  **b.** **knowingly failed to report in person to an office of the sheriff of** (name of county) **County within 48 hours of vacating [his] [her] permanent, temporary, or transient residence and failing to establish or maintain another permanent, temporary, or transient residence.**

  **c.** **knowingly failed to report in person to an office of the sheriff of** (name of county) **County that [he] [she] did not vacate [his] [her] permanent, temporary, or transient residence within 48 hours after** (defendant) **reported to that agency [his] [her] intent to vacate [his] [her] permanent, temporary, or transient residence.**

  **d.** **reported to**

    *Give i or ii as applicable.*
    **i.** **an office of the sheriff of** (name of county)

    **ii.** **a driver's license office of the Department of Highway Safety and Motor Vehicles**

    **and**

    *Give iii or iv as applicable.*

        **iii.**      **knowingly failed to provide that office with** (name the single unprovided registration item charged, as worded in the statute)**.**

        **iv.**      **knowingly failed to provide that office with any one or more of the following items**: (name the unprovided registration items charged, as worded in the statute)**.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure by a Sexual Offender to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the [office of the sheriff] [Department of Highway Safety and Motor Vehicles].**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
 **If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the [office of the sheriff][Department of Highway Safety and Motor Vehicles] misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the [office of the sheriff][Department of Highway Safety and Motor Vehicles] misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*

**If you find that the State proved beyond a reasonable doubt that the [office of the sheriff][Department of Highway Safety and Motor Vehicles] did not misinform** (defendant) **or otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the [office of the sheriff][Department of Highway Safety and Motor Vehicles] misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.15(l) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2008 [983 So.2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090], and 2014.

## 11.15(h) FAILURE ~~TO REGISTER AS~~ BY A SEXUAL PREDATOR TO COMPLY WITH REGISTRATION REQUIREMENTS
### (Failure to Respond To Address Verification Correspondence)
§ 775.21(10)(a), Fla. Stat.

**To prove the crime of Failure ~~to Register as~~ by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
  1. (Defendant)

  a. **is a sexual predator.**

  b. **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the**

- 56 -

**sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not give the definition of "sexual predator" or "convicted."*

**2.** (Defendant) **established or maintained a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

**3.** (Defendant) **knowingly failed to respond to address verification correspondence from the Florida Department of Law Enforcement within three weeks from the date of the correspondence.**

<u>*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*</u>
**<u>It is a defense to the crime of Failure by a Sexual Predator to Comply with Registration Requirements that</u>** (defendant) **<u>attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the Florida Department of Law Enforcement.</u>**

<u>*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*</u>
<u>*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*</u>

<u>*If burden of persuasion is on the defendant:*</u>
 **<u>If you find that</u>** (defendant) **<u>proved</u>** (insert appropriate burden of persuasion) **<u>that the Florida Department of Law Enforcement misinformed</u>**

- 57 -

**[him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the Florida Department of Law Enforcement misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the Florida Department of Law Enforcement did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements**, as worded in the statute)], **you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the Florida Department of Law Enforcement misinformed** (defendant) **or otherwise prevented [him] [her] from complying, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.15(l) for the applicable definitions.*

### Lesser Included Offenses

No lesser included offenses have been identified for this offense.

### Comment

This instruction was adopted in 2008 [983 So.2d 531] and ~~revised~~ amended in 2012 [85 So. 3d1090], and 2014.

### 11.15(i) FAILURE ~~TO REGISTER AS~~ BY A SEXUAL PREDATOR TO COMPLY WITH REGISTRATION REQUIREMENTS
**(Failure to Report Intent to Move to Another State or Jurisdiction)**
§ 775.21(6)(i), Fla. Stat.

**To prove the crime of Failure ~~to Register as~~ by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*

- 58 -

**1.** (Defendant)

    **a.** **is a sexual predator.**

    **b.** **has agreed or stipulated that he has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not also give the definition of "sexual predator" or "convicted."*

**2.** (Defendant) **established or maintained a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a or 3b as applicable.*
**3.** (Defendant)

    **a.** **intended to leave this State to establish a permanent, temporary, or transient residence in another state or jurisdiction on** (date)**;**

        **and**

        **knowingly failed to report in person to an office of the sheriff in the county of [his] [her] current residence within 48 hours before the date on which [he] [she] intended to leave this state to establish residence in another state or jurisdiction.**

    **b.** (Defendant)
        **reported to an office of the sheriff of the county of [his] [her] current residence [his] [her] intention to establish residence in another state or jurisdiction;**

        **and**

**knowingly failed to provide [[his] [her]** (name the single unprovided registration item charged, as worded in the statute)**]** **[any one or more of the following items: [his] [her]** (name the unprovided registration items charged, as worded in the statute)**.]**

*Read only if the defendant is charged with failing to provide a physical residential address.*

**The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physical residential address.**

<u>*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*</u>
**It is a defense to the crime of Failure by a Sexual Predator to Comply with Registration Requirements that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

<u>*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*</u>
<u>*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*</u>

<u>*If burden of persuasion is on the defendant:*</u>
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*

**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.15(l) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2008 [983 So. 2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090], ~~and~~2013 [113 So. 3d 754], and 2014.

## 11.15(j) FAILURE ~~TO REGISTER AS~~ BY A SEXUAL PREDATOR TO COMPLY WITH REGISTRATION REQUIREMENTS
**(Failure to Report Intent to Remain within the State or Jurisdiction)**
§ 775.21(6)(j), Fla. Stat.

**To prove the crime of Failure ~~to Register as~~ by a Sexual Predator to Comply with Registration Requirements, the State must prove the following five elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*

**1.** (Defendant)

    **a.**    **is a sexual predator.**

    **b.**    **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the**

> **sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not also give the definition of "sexual predator" or "convicted."*

2. (Defendant) **established or maintained a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

3. (Defendant) **indicated to an office of the sheriff of** (name of county) **County [his] [her] intent to leave this state on** (date of intended departure) **and establish a permanent, temporary, or transient residence in another state or jurisdiction.**

4. (Defendant) **later decided to remain in this state.**

5. **Within 48 hours after the date of [his] [her] originally intended departure from this state,** (defendant) **knowingly failed to report to an office of the sheriff of** (name of county) **County that [he] [she] instead decided to remain in this state.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*
**It is a defense to the crime of Failure to Comply with Registration Requirements as a Sexual Predator that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*
*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable*

*doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*
**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions. See instruction 11.15(l) for the applicable definitions.*

**Lesser Included Offenses**
No lesser included offenses have been identified for this offense.

**Comment**

This instruction was adopted in 2008 [983 So.2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090], and 2014.

**11.15(k) FAILURE ~~TO REGISTER AS~~ BY A SEXUAL PREDATOR TO COMPLY WITH REGISTRATION REQUIREMENTS**
**(Failure to Register Quarterly)**
§ 775.21(8)(a), Fla. Stat.

**To prove the crime of Failure ~~to Register as~~ by a Sexual Predator to Comply with Registration Requirements, the State must prove the following three elements beyond a reasonable doubt:**

*Give 1a or 1b as applicable.*
    1.  (Defendant)

        a.    **is a sexual predator.**

        b.    **has agreed or stipulated that [he] [she] has been convicted as a sexual predator; therefore, you should consider the sexual predator status element as proven by agreement of the parties.**

*If the defendant offers to stipulate, the court must accept the offer after conducting an on-the-record colloquy with the defendant. See Brown v. State, 719 So. 2d 882 (Fla. 1998); Johnson v. State, 842 So. 2d 228 (Fla. 1st DCA 2003). If there is a stipulation, the court should not also give the definition of "sexual predator" or "convicted."*

    2.  (Defendant) **[established] [maintained] a permanent, temporary, or transient residence in** (name of county) **County, Florida.**

*Give 3a, 3b, or 3c as applicable.*
    3.  (Defendant)

        a.    **knowingly failed to reregister by reporting in person during [his] [her] birthday month in** (year) **to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.**

        b.    **knowingly failed to reregister by reporting in person during every third month following [his] [her]** (year) **birthday month to an office of the sheriff in the county in which [he] [she] resides or is otherwise located.**

**c.** **knowingly failed to provide an office of the sheriff of** (name of county) **County with a change to [his] [her] [**(name the single unprovided registration item charged, as worded in the statute)**] [any one or more of the following items: [his] [her]** (name the unprovided registration items charged, as worded in the statute)**].**

*Read only if the defendant is charged with failing to provide a physical residential address.*

**The defendant shall provide a physical residential address. A post office box shall not be provided in lieu of a physical residential address.**

*Give if the defendant meets his or her burden of production. See Barnes v. State, 108 So. 3d 700 (Fla. 1st DCA 2013).*

**It is a defense to the crime of Failure to Comply with Registration Requirements as a Sexual Predator that** (defendant) **attempted to comply with the requirements but was misinformed or otherwise prevented from complying by the office of the sheriff.**

*There is no statute for the defense of being misinformed or otherwise prevented from registering, and the case law is silent as to (1) which party bears the burden of persuasion of the affirmative defense and (2) the standard for the burden of persuasion. Under the common law, defendants had both the burden of production and the burden of persuasion on an affirmative defense by a preponderance of the evidence.*

*The Florida Supreme Court has often decided, however, that once a defendant meets the burden of production on an affirmative defense, the burden of persuasion is on the State to disprove the affirmative defense beyond a reasonable doubt (e.g., self-defense and consent to enter in a burglary prosecution). In the absence of case law, trial judges must resolve the issue via a special instruction. See the opinion in Dixon v. United States, 548 U.S. 1 (2006), for further guidance.*

*If burden of persuasion is on the defendant:*

**If you find that** (defendant) **proved** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty. If the defendant did not prove** (insert appropriate burden of persuasion) **that the office of the sheriff misinformed [him] [her] or otherwise prevented [him] [her] from complying, you should**

**find [him] [her] guilty if all the elements of the charge have been proven beyond a reasonable doubt.**

*Or, if the burden of disproving the affirmative defense is on the State under the beyond a reasonable standard:*
**If you find that the State proved beyond a reasonable doubt that the office of the sheriff did not misinform** (defendant) **or did not otherwise prevent [him] [her] from complying with the registration requirements, you should find [him] [her] guilty, if all of the elements of the charge have also been proven beyond a reasonable doubt. However, if you have a reasonable doubt on the issue of whether the office of the sheriff misinformed** (defendant) **or otherwise prevented [him] [her] from complying with the registration requirements, you should find [him] [her] not guilty.**

*Definitions.  See instruction 11.15(l) for the applicable definitions.*

## Lesser Included Offenses

No lesser included offenses have been identified for this offense.

## Comment

This instruction was adopted in 2008 [983 So. 2d 531] and ~~revised~~ amended in 2012 [85 So. 3d 1090], ~~and~~2013 [113 So. 3d 754], and 2014.

## 11.19 SEXUAL MISCONDUCT BETWEEN DETENTION FACILITY EMPLOYEES AND INMATES
### § 951.221(1), Fla. Stat.

**To prove the crime of Sexual Misconduct Between Detention Facility Employees and Inmates, the State must prove the following three elements beyond a reasonable doubt:**

1. (Defendant) **was an employee of a [county or municipal detention facility] [private detention facility under contract with a county commission].**

2. **While an employee,** (defendant) **engaged in sexual misconduct with** (inmate)**.**

- 66 -

**3.** **At the time,** (inmate) **was an [inmate] [offender supervised by the facility].**

*§ 951.221(1), Fla. Stat. Consent is not a defense.*
**The consent of an [inmate] [offender] to any act of sexual misconduct is not a defense to the crime of Sexual Misconduct.**

*Definitions.*
*§ 951.221(1), Fla. Stat. and § 944.35(3)(b)1, Fla. Stat.*
**"Sexual Misconduct" means the oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object, but does not include an act done for a bona fide medical purpose or an internal search conducted in the lawful performance of the employee's duty.**

*Give as applicable.*
**"Union" means contact.**

*§ 951.23(1)(a), Fla. Stat.*
**"County Detention Facility" means a county jail, a county stockade, a county work camp, a county residential probation center, and any other place except a municipal detention facility used by a county or county officer for the detention of persons charged with or convicted of either felony or misdemeanor.**

*§ 951.23(1)(b), Fla. Stat.*
**"County Residential Probation Center" means a county-operated facility housing offenders serving misdemeanor sentences or first-time felony sentences.**

*§ 951.23(1)(d), Fla. Stat.*
**"Municipal Detention Facility" means a city jail, a city stockade, a city prison camp, and any other place except a county detention facility used by a municipality or municipal officer for the detention of persons charged with or convicted of a violation of municipal laws or ordinances.**

| SEXUAL MISCONDUCT BETWEEN DETENTION FACILITY EMPLOYEES AND INMATES — 951.221(1) | | | |
|---|---|---|---|
| None | | | |
| | Battery | 784.03 | 8.3 |
| | Attempt | 777.04(1) | 5.1 |
| | Assault | 784.011 | 8.1 |

**Comment**

This instruction was adopted in 2014.

**20.20  MORTGAGE FRAUD**
§ 817.545(2) & (5), Fla. Stat.

**In order to prove the crime of Mortgage Fraud, the State must prove the following element beyond a reasonable doubt:**

(Defendant)**, with intent to defraud, knowingly:**

*Give a, b, c, d, and/or e as applicable.*
**a.  made any material [misstatement] [misrepresentation] [omission] during the mortgage lending process with the intent that the [misstatement] [misrepresentation] [omission] would be relied on by [a mortgage lender] [a borrower] [or] [any other person or entity] involved in the mortgage lending process];**

**b.  used or facilitated the use of any material [misstatement] [misrepresentation] [omission] during the mortgage lending process with the intent that the material [misstatement] [misrepresentation] [omission] would be relied on by [a mortgage lender][a borrower] or [any other person or entity] involved in the mortgage lending process;**

**c.  received any [proceeds] [or other funds] in connection with the mortgage lending process that [he] [she] knew resulted from the making of any material [misstatement] [misrepresentation] [omission] during the mortgage lending process that was made with the intent that the [misstatement] [misrepresentation]**

[omission] would be relied on by [a mortgage lender] [a borrower] [or] [any other person or entity] involved in the mortgage lending process];

d. received any [proceeds] [or other funds] in connection with the mortgage lending process that [he] [she] knew resulted from the use of any material [misstatement] [misrepresentation] [omission] during the mortgage lending process that was made with the intent that the material [misstatement] [misrepresentation] [omission] would be relied on by [a mortgage lender] [a borrower] or [any other person or entity] involved in the mortgage lending process];

e. filed or caused to be filed with the clerk of the circuit court for any Florida county a document involved in the mortgage lending process which contained a material [misstatement] [misrepresentation] [or] [omission].

*Give if applicable. § 817.545(5)(b), Fla. Stat.*
If you find that the defendant guilty of Mortgage Fraud, you must also determine if the State proved beyond a reasonable doubt whether the loan value stated on documents used in the mortgage lending process exceeded $100,000.

*§ 817.545(2)(a) & (b), Fla. Stat.*
Omissions on a loan application regarding employment, income, or assets for a loan which does not require this information are not considered material omissions for purposes of Mortgage Fraud.

*§ 817.545(1), Fla. Stat.*
Documents involved in the mortgage lending process include, but are not limited to, mortgages, deeds, surveys, inspection reports, uniform residential loan applications, or other loan applications; appraisal reports; HUD-1 settlement statements; supporting personal documentation for loan applications such as W-2 forms, verifications of income and employment, credit reports, bank statements, tax returns, and payroll stubs; and any required disclosures.

*§ 817.545(1), Fla. Stat.*
"Mortgage lending process" means the process through which a person seeks or obtains a residential mortgage loan, including, but not limited to, the

**solicitation, application or origination, negotiation of terms, third-party provider services, underwriting, signing and closing, and funding of the loan.**

**"Knowingly" means that the defendant is aware of the act and is not acting through ignorance, mistake or accident.**

**"Material" means a fact a reasonable person would use to decide whether to do or not to do something. A fact is material if it has the capacity or natural tendency to influence a person's decision. Any misrepresentation or concealment must be reasonably calculated to deceive persons of ordinary prudence and comprehension.**

### Lesser Included Offenses

| MORTGAGE FRAUD — 817.545 | | | |
|---|---|---|---|
| CATEGORY ONE | CATEGORY TWO | FLA. STAT. | INS. NO. |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

### Comment

The crime of Mortgage Fraud may not be predicated solely upon information lawfully disclosed under federal disclosure laws, regulations, or interpretations related to the mortgage lending process. See § 817.545(3), Fla. Stat.

This instruction was adopted in 2014.

### 22.15 [MANUFACTUING] [OWNING] [STORING] [KEEPING] [POSSESSION OF] [PERMITTING THE OPERATION OF] [SELLING] [LEASING] [TRANSPORTING]~~OF~~ A SLOT MACHINE
§ 849.15(1)(a) and (b), Fla. Stat.

**To prove the crime of** (crime charged)**, the State must prove the following element beyond a reasonable doubt:**

*Give as applicable.*
(Defendant)

a. [manufactured] [owned] [stored] [kept] [possessed] [sold] [leased] [let on shares] [lent] [gave away] [transported] [exposed for sale or lease] any slot machine or device [or any part of a slot machine or device].

b. offered to [sell] [rent] [lease] [let on shares] [lend] [give away] any slot machine or device [or any part of a slot machine or device].

c. permitted the operation of any slot machine or device [or any part of a slot machine or device].

d. permitted any slot machine or device [or any part of a slot machine or device] to be [placed] [maintained] [used] [kept] in a [room] [space] [building] owned, leased, or occupied by [him] [her] or under [his] [her] management or control.

e. [or permitted to be made] an agreement with another, pursuant to which the user of any slot machine or device, ~~as a result of any element of chance [or other outcome unpredictable to him or her]~~ may become entitled to receive [money] [credit] [allowance] [a thing of value] [an additional chance or right to use the slot machine or device] [any [check] [slug] [token] [memorandum] entitling the holder to receive [money] [credit] [allowance] [or] [thing of value]].

*§ 849.16, Fla. Stat.*

A "slot machine or device" is a machine or device <u>or system or network of devices</u> that is adapted for use in such a way that, <u>upon activation, which may be achieved by, but is not limited to,</u> ~~as a result of~~ the insertion of any piece of money, coin, <u>account number, code, or other object or information, such device or system is directly or indirectly caused to operate or may be operated</u> ~~or other object, such machine or device is caused to operate or may be operated~~ and if the user, <u>whether by application of skill or</u> by reason of any element of chance or of any other outcome ~~of such operation~~ unpredictable by ~~him or her,~~ <u>the user,</u> may:

(a) receive or become entitled to receive any piece of money, credit, allowance, or thing of value; or

- 71 -

**(b)** receive <u>or become entitled to receive</u> any check, slug, token, or memorandum, whether of value or otherwise, which may be exchanged for any money, credit, allowance, or thing of value or which may be given in trade; or

**(c)** secure additional chances or rights to use such machine, apparatus, or device, even though <u>the device or system may be available for free play, or,</u> ~~it may,~~ in addition to any element of chance or unpredictable outcome of such operation, <u>may</u> also sell, deliver, or present some merchandise, indication of weight, entertainment, or other thing of value.

*Give if applicable. §§ 849.16(1)(b), 551.102(8), Fla. Stats.*
<u>A "slot machine" includes, but is not limited to, devices regulated as slot machines under chapter 551 of Florida Statutes. Under chapter 551, a "slot machine" means any mechanical or electrical contrivance, terminal that may or may not be capable of downloading slot games from a central server system, machine, or other device that, upon insertion of a coin, bill, ticket, token, or similar object or upon payment of any consideration whatsoever, including the use of any electronic payment system except a credit card or debit card, is available to play or operate, the play or operation of which, whether by reason of skill or application of the element of chance or both, may deliver or entitle the person or persons playing or operating the contrivance, terminal, machine, or other device to receive cash, billets, tickets, tokens, or electronic credits to be exchanged for cash or to receive merchandise or anything of value whatsoever, whether the payoff is made automatically from the machine or manually. The term includes associated equipment necessary to conduct the operation of the contrivance, terminal, machine, or other device. Slot machines may use spinning reels, video displays, or both. [A slot machine is not a "coin-operated amusement machine" as defined in § 212.02(24), Fla. Stat. or an amusement game or machine as described in § 849.161, Fla. Stat.]</u> *Instruct on § 212.02(24), Fla. Stat. or § 849.161, Fla. Stat. as applicable.*

*Give if applicable. § 849.094(8)(a), Fla. Stat.*
<u>Compliance with the rules of the Department of Agriculture and Consumer Services is not a defense to a charge of Possession of a Slot Machine or Device.</u>

*Give if applicable. § 849.16(3), Fla. Stat.*

**You are permitted to infer that a device, system, or network is a prohibited slot machine or device if it is used to display images of games of chance and is part of a scheme involving any payment or donation of money or its equivalent and awarding anything of value.**

## Lesser Included Offenses

| [POSSESSION] [PERMITTING THE OPERATION] OF A SLOT MACHINE — 849.15(1)(a) and (b) | | | |
|---|---|---|---|
| **CATEGORY ONE** | **CATEGORY TWO** | **FLA. STAT.** | **INS. NO.** |
| None | | | |
| | Attempt | 777.04(1) | 5.1 |

## Comments

It is not necessary for the State to prove that the slot machine or device was used for gambling. *See Eccles v. Stone,* 183 So. 628 (Fla. 1938)*; Dept. of Business Regulation v. Rains,* 477 So. 2d 1029 (Fla. 2d DCA 1985)*.*

It is a defense to Possession of a Slot Machine if the device is an antique slot machine and is not being used for gambling. An antique slot machine is one which was manufactured at least 20 years prior to the prosecution. See § 849.235, Fla. Stat.

This instruction was adopted in 2013 [122 So. 3d 302] and amended in 2014.